Opinion.

## Richmond.

ROBERT BUNDICK v. COMMONWEALTH.

NOVEMBER 23, 1899.

1. CRIMINAL LAW—*Evidence Necessary to Convict—Reasonable Doubt—Suspicion.*—To warrant the conviction of a person accused of crime every fact necessary to establish his guilt must be proved beyond a reasonable doubt; and especially so where the evidence is wholly circumstantial. The accused is entitled to an acquittal unless his guilt is proved to the actual exclusion of every reasonable hypothesis of his innocence. In the case at bar the evidence establishes only a suspicion of guilt, which is not sufficient.

Error to a judgment of the Circuit Court of Northampton county, rendered April 20, 1899, affirming the judgment of the County Court of said county, by which latter judgment the plaintiff in error was sentenced to the penitentiary for fifteen years for burglary.

*Reversed.*

The opinion states the case.

*E. J. Spady,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Robert Bundick, along with his wife Catherine Bundick, was indicted in the County Court of Northampton county for enter-

ing the dwelling-house of one John W. Tankard, in the night-time of January 24, 1899, and taking, stealing, and carrying away certain money and bonds of said Tankard, and, upon his trial, was found guilty, and sentenced to the penitentiary for fifteen years. He thereupon applied for a writ of error to the Circuit Court of Northampton county, which was awarded, and, upon a hearing, the judgment of the County Court was affirmed, and the case is now before us upon a writ of error awarded by one of the judges of this court.

The sole question to be considered is whether the facts proved, as certified in the record, warrant the conviction. In other words, is the evidence plainly insufficient to sustain the verdict of the jury?

While there were footprints of several persons found at and around the window through which the guilty parties entered the dining room in the residence of Mr. Tankard, where the burglary was committed, none of them were proven to be the footprints of the plaintiff in error. No footprints were tracked to his house or premises, and none of the money or bonds stolen was found in his possession, although his premises were searched immediately after the offence was committed. The only circumstances, therefore, relied on to sustain the verdict are as follows: A common two-blade knife was found in the dining room, where the burglary was committed, the next morning after the offence. A witness for the Commonwealth, Lawrence Johnson, testified that he believed that he had seen this knife twice before; first saw it at William Johnson's, his brother; that his brother killed hogs on Tuesday, the 10th of January last, and on the next day he (witness) helped to put them in a cart to send them to the railroad station for shipment, the prisoner and witness's nephew, Charles Dewer, taking them to the station in the cart; that while witness was standing at the cart, he borrowed a knife from the prisoner, and cut a rope, looked at it, turned it over in his hand.

and thought of driving a trade with the prisoner for it; put it in his pocket, and, afterwards finding he had the knife in his pocket, he called prisoner and gave it to him. Witness next saw the knife at the examination of prisoner, and his wife Catherine, at Exmore. There was nothing special about the knife that caused witness to rivet his attention on the make up of the knife. He could not tell that knife from 'another out of the same paper, unless there was some difference in color or use. He saw no mark upon the knife. He believed it was the same knife. He could not tell it from one precisely like it. It looked about the point as if it had had some hard service, but he (witness) could not swear that it was the same knife handed him by the prisoner, as witness did not look at it expecting to be called upon to identify it again, the burglary not then having been committed. He opened only the big blade of the knife. Did not know whether the little blade was broken or not. He did not know whether the mounting on it was of white or yellow metal, but he had no doubt it was the same knife.

Another witness for the Commonwealth, Charles Dewer, says he was acquainted with prisoner; saw him have a knife and lend it to Lawrence Johnson, which was the only time witness remembers seeing prisoner have a knife. The day after the burglary, witness wanted a knife to cut a gun-rod, and asked prisoner to lend him one, and was told by him that he had lost his knife.

To warrant the conviction of a person accused of crime, every fact necessary to establish his guilt must be proved beyond a reasonable doubt; and especially is this so where, as here, a conviction is sought upon circumstantial evidence alone, which is always to be acted on with the utmost caution. It is not sufficient, therefore, that the evidence creates a suspicion of guilt. The accused is entitled to an acquital, unless the fact of guilt is proven to the actual exclusion of every reasonable hypothesis of his innocence. *Prather's Case*, 85 Va. 125-6; *Taliaferro's Case*, 77 Va. 411; and *Pryor's Case*, 27 Gratt. 1009.

Opinion.

While the evidence in this case is sufficient to create a suspicion of guilt, we are of opinion that it is plainly insufficient to warrant the conviction of the accused. The judgment complained of must therefore be reversed, and the case remanded to the County Court for a new trial.

*Reversed.*