Opinion.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BROWN v. COMMONWEALTH.

JANUARY 18, 1900.

1. CRIMINAL LAW—*Guilt Must be Proved, not Inferred—Case at Bar.*—
The guilt of a person accused of crime is not to be inferred because
the facts are consistent with his guilt. They must be inconsistent
with his innocence. In the case at bar the evidence establishes a
mere suspicion of guilt.

Error to a judgment of the County Court of Henrico county,
rendered August 23, 1899, on an indictment for a felony.

*Reversed.*

The evidence sufficiently appears in the opinion of the court.

On the trial, the prisoner asked for two instructions, which
were refused by the court, and, in lieu thereof three others were
given. The instructions asked for by the prisoner and those
given by the court were as follows:

Instructions asked for by the prisoner:

" 1. That in criminal cases, even where the evidence is so
strong that it demonstrates the probability of the guilt of the
prisoner, still if it fails to establish, beyond a reasonable doubt,
the guilt of the defendant as charged in the indictment, then it

is the duty of the jury to acquit the defendant as to whose guilt they entertain such reasonable doubt.

" The jury are instructed that mere probabilities are not sufficient to warrant a conviction, nor is it sufficient that the greater weight or preponderance of the evidence supports the allegations of the indictment, nor is it sufficient, that upon the doctrine of chance, it is more probable that the defendant is guilty. To warrant a conviction of the defendant he must be proved to be guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent, where all the evidence in the case is considered together."

" 2. The court instructs the jury that the policy of our law deems it better that many guilty persons should escape rather than one innocent person should be convicted and punished; so that, unless the jury, after a careful and thoughtful consideration of all the evidence in the case, can say and feel that every material allegation in the indictment is proved beyond a reasonable doubt, the jury should find the defendant not guilty."

Instructions given by the court:

" 1. The court instructs the jury that the law presumes the accused to be innocent until he is proven guilty beyond a reasonable doubt, and if there is upon the minds of the jury any reasonable doubt of the guilt of the accused, the law makes it their duty to acquit him, and that mere suspicion or probability of his guilt, however strong, is not sufficient to convict, nor is it sufficient if the greater weight or preponderance of evidence supports the charge in the indictment, but to warrant his conviction his guilt must be proved so clearly that there is no reasonable theory, consistent with the evidence, upon which he can be innocent."

" 2. The jury are instructed that in order to convict the

accused of the crime alleged against him in the indictment every material fact necessary to constitute such crime must be proved beyond a reasonable doubt, and if the jury have a reasonable doubt upon a material fact or element necessary to constitute the crime it is their duty to give the prisoner the benefit of such doubt and acquit him."

" 3. The court further instructs the jury that circumstantial evidence is legal and competent in criminal cases, and if it is of such a character as to exclude every reasonable hypothesis, other than that the defendant is guilty, it is entitled to the same weight as direct testimony."

To this action of the court the prisoner, by counsel, excepted.

*William H. Beveridge,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

William Brown was indicted in the County Court of Henrico county for feloniously and maliciously obstructing a car upon the railroad leading from Richmond city to Seven Pines, in the county of Henrico, by putting and placing a large piece of timber upon the track of the railroad, with intent to derail the car and thereby endanger the life and safety of the passengers therein. Upon his trial he was found guilty and sentenced to the penitentiary for four years. He thereupon applied for a writ of error to the Circuit Court of ·Henrico county, which was refused, and the case is now before us upon a writ of error awarded by one of the judges of this court.

Error is assigned to the action of the County Court in refusing the two instructions asked for by the accused, and in giving

others in lieu thereof. In this the court did not err. The instructions it gave are a clear, accurate, and careful statement of the law as applied to the evidence in this case.

Of the remaining assignments of error, we need consider only that of the refusal of the court to set aside the verdict as contrary to the law and the evidence.

The accused took the car in question in Richmond at 11:45 P. M., September 17, 1898, to go to Seven Pines, and when it had proceeded a little over half of the distance, he was ejected for disorderly conduct. The car continued on its route to Seven Pines, and promptly returned, reaching, a few minutes after 12 o'clock, the place where it collided with an obstruction, in the form of a railroad tie, which had been placed under the rail on one side of the track and over the rail on the other, at a point something over a mile from the point where the accused was ejected. Within three to five minutes before the car struck the obstruction the accused was met on the side of the track bareheaded and apparently in rather an excited condition of mind, and was going in the same direction as when last seen. His hat seems to have been lost where he was put off the car; at least, a hat was found there, which the witnesses say, to the best of their knowledge and belief, was his hat, and the one he had on when he was put off. A few minutes after being put off the car, the accused was heard to make the threat that he would " take a rock and knock ——— out of Ed. Griggs," the motorman who assisted the conductor in putting him off.

The threat and the loss of the hat constitute the only material evidence that tends in any way to connect the accused with the offence. It cannot be said to create more than a suspicion against him. Taking the whole evidence together, it is of a very doubtful and inconclusive character, and not sufficient to warrant his conviction.

" The guilt of a party is not to be inferred, because the facts are consistent with his guilt, but they must be inconsistent with

his innocence." *Hairston's Case*, 97 Va. 754; *Bundick's Case*, 97 Va. 783, 787, and authorities cited.

We are, therefore, of opinion that the County Court erred in refusing to grant the plaintiff in error a new trial, and its judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*