# Staunton.

## W. C. PAINTER v. COMMONWEALTH.

### September 18, 1924.

1. HUSBAND AND WIFE—*Parent and Child—Desertion and Nonsupport— Burden of Establishing Defense of Disability.*—Under Acts of 1922, page 842, chapter 485, section 6, providing that proof of desertion of wife or child shall be *prima facie* evidence that such desertion or neglect is wilful, it is not error to instruct the jury that the burden is on the accused to establish the mental or physical disability relied on as a defense to the prosecution.

2. HUSBAND AND WIFE—*Parent and Child—Desertion and Nonsupport—Instructions—Cure of One Instruction by Another—Reasonable Doubt.*—In a prosecution for desertion and nonsupport the court instructed the jury that the burden was on the accused to establish the mental or physical disability relied on by him as a defense. It was objected to this instruction that it relieved the Commonwealth from establishing the guilt of accused beyond a reasonable doubt.

   *Held:* That if the objection had any merit it was removed by another instruction, to the effect that if the jury should have a reasonable doubt of the physical or mental ability of defendant to earn sufficient funds to support his wife and child they should find him not guilty.

3. HUSBAND AND WIFE—*Parent and Child—Desertion and Nonsupport—Physical or Mental Incapacity of Accused—Case at Bar.*—In the instant case, a prosecution for desertion and nonsupport, it appeared from the evidence that accused had no property; that he had long been dependant upon his mother, who was seventy years old, with small means, and who gave such aid to the wife and children of accused as she could; that accused had been dissipated for many years and addicted to drugs, which had destroyed his mental and physical strength, and that accused's mental and physical condition made it impossible for him to support his wife and children.

   *Held:* That a conviction of wilful desertion and nonsupport was not supported by the evidence.

4. HUSBAND AND WIFE—*Parent and Chi'd—Desertion and Nonsupport—Wilfulness—Case at Bar.*—Acts of 1922, page 842, is designed to punish the wilful neglect, failure, or refusal of a husband to support his family, and to warrant a conviction the desertion must be without just cause. In the instant case the accused, because of

his mental and physical condition was manifestly unable to support his family, and his mere presence in the household, instead of relieving his wife and children, would necessarily have added to their heavy burdens. Such a separation cannot be held to be a desertion without just cause, or a wilful neglect, refusal, or failure to provide for the support of his family.

5. HUSBAND AND WIFE—*Parent and Child—Desertion and Nonsupport—Dissipation of Husband—Wilfulness—Presumption of Ability to Support Family.*—Of course, the voluntary dissipation of a husband, however excessive, does not relieve him of his social and domestic obligations, but, as desertion is a crime of wilfulness, it cannot be committed by one whose will and mental power have been destroyed. The capacity of a husband to contribute to the maintenance of his family is presumed, but the presumption may be overcome by proof of impossibility, and it is overcome when it is shown that he is without estate, so broken in health as to be entirely incapacitated, and is himself absolutely dependent upon the charity of his friends.

6. HUSBAND AND WIFE—*Parent and Child—Desertion and Nonsupport—Inability of Accused.*—The absolute inability of the accused to contribute anything to the support of his family bars a prosecution (under Acts of 1922, page 842, Code of 1924, sections 1936 to 1944) for desertion and nonsupport.

Error to a judgment of the Circuit Court of Giles county.

*Reversed and remanded.*

The opinion states the case.

*W. B. Snidow* and *Martin Williams*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of a misdemeanor under a warrant which charged him with having un-

lawfully and without just cause deserted his wife and infant daughter (between fourteen and fifteen years of age in March, 1923), and with having wilfully and unlawfully neglected, and refused and failed to provide for their support and maintenance, they being in destitute and necessitous circumstances.    This warrant was issued by the judge of the circuit court, upon the wife's petition, in conformity with and by authority of the act entitled "an act to amend and re-enact an act entitled an act making it a misdemeanor for a husband to desert or neglect his wife or for a parent to desert or neglect his children; prescribing the penalty therefor, and making provision for the apprehension and punishment of persons charged with or convicted of nonsupport; providing for the taking of recognizance, and for the forfeiture and enforcement of the same; providing for the appointment of probation officers, prescribing their duties and powers, and repealing certain acts, approved March 27, 1918." Acts 1922, page 842.

There was a trial by jury and a fine of $500.00 imposed, by authority of the statute the court directed to be paid to the wife.

There are certain exceptions to the procedure, but in our view it is unnecessary to consider them because of the other exceptions which, if well taken, determine the case here.

[1, 2] One of these assignments is that the court erred in instructing the jury that the burden was on the accused to establish the mental or physical disability relied on as a defense to the prosecution.

We find no error in this instruction.    The statute is designed to enforce the continuing duty of a husband to support his family, and to punish his disregard of it, so that when a husband interposes his disability as a

bar he must sustain it by sufficient evidence.   Section 6 of the act provides that "proof of desertion or neglect of wife, child or children, by any person, shall be *prima facie* evidence that such desertion or neglect is wilful."   If the instruction can be fairly criticised as relieving the Commonwealth from establishing his guilt beyond a reasonable doubt, this objection is, in this case, fully removed by the fact that here the jury were also instructed thus:

"And the court instructs the jury that if they shall have a reasonable doubt of the physical or mental ability of the defendant to earn sufficient funds with which to support his said wife and child, then under the law they are bound to give the defendant the benefit of that doubt and find him 'not guilty'. "

[3] The most serious assignment is that the court erred in overruling the motion to set aside the verdict as contrary to the law and the evidence.

The court, upon the motion of the accused, gave the jury this instruction:

"The court instructs the jury that if they shall believe from the evidence that the defendant, W. C. Painter, has since the 1st day of July, 1922, been physically or mentally unable to perform work and labor to such an extent as to enable him to earn sufficient money to maintain and support the said E. W. Painter and the said Minrose Painter, no matter from what cause that disability came, then they shall find the defendant 'not guilty'. "

This fairly and properly submitted the controlling issue of fact which the record discloses.   Upon this issue there was little, if any, conflict.   The desertion began in 1917.   In 1918, the accused was fined $500.00 for desertion and failure to support his family.   This fine was paid by his mother to his wife.   The desertion

has continued and he has contributed nothing to the support of his family since.   His wife has no property and is in poor health.   She is living in a house which is owned by his mother, but has paid her no rent therefor and is dependent upon charity.   Her husband was a railroad stenographer, and was a very competent one.

For the accused, it is shown, without contradiction, that he has no property; that he is and has been long dependent upon his mother, who is seventy years old; that, though her means are small, she has given his wife and children a house to live in, and has also contributed to the extent of her means to their support; and she testified that she had always been interested in her grandchildren, and would do all she could for them and their mother.

This is a fair summary of the other testimony of his mother, brother, sister, physician, and one other who has seen much of the accused during the year preceding the date of the trial:   That the accused has been addicted to the use of drugs, which have destroyed his mental and physical strength; that he had been dissipated for twenty-five years and long before his marriage; that his mother has nursed and cared for him for many years; that since the former trial he had been in various hospitals in this and other States; that he frequently faints and becomes unconscious and cannot be safely trusted to go out alone; and that he had been committed to the Southwestern State Hospital, at Marion, Virginia (which is a hospital for the insane), where he remained for some time; that his mental and physical condition has made it impossible for him to support his wife and children ever since his first conviction, is clearly established.   As to this there is no conflict in the testimony.

[4] The statute is designed to punish the wilful neglect, failure or refusal of a husband to support his family, and to warrant a conviction the desertion must be without just cause. The accused, because of his mental and physical condition, manifestly has been unable to support his family, and his mere presence in the household, instead of relieving his wife and children, would necessarily have added to their heavy burdens. Such a separation cannot be held to be a desertion without just cause, or a wilful neglect, refusal, or failure to provide for the support of his family.

[5] Of course, the voluntary dissipation of a husband, however excessive, does not relieve him of his social and domestic obligations, but as desertion is a crime of wilfulness, it cannot be committed by one whose will and mental power have been destroyed. The capacity of a husband to contribute to the maintenance of his family is presumed, but the presumption may be overcome by proof of impossibility, and it is overcome when it is shown that he is without estate, so broken in health as to be entirely incapacitated, and is himself absolutely dependent upon the charity of his friends.

[6] That the absolute inability of the accused to contribute anything to the support of his family should be held to bar the prosecution, at least temporarily, is apparent from a consideration of the act in its entirety and its avowed purpose. This is quite evident from the first paragraph of section 5, which reads:

"Before the trial, with the consent of the defendant, or at the trial on entry of a plea of guilty, or after conviction, instead of imposing the penalties hereinbefore provided, or in addition thereto, the judge or

justice, in his discretion, having regard to the circumstances of the case and to the financial ability or earning capacity of the defendant, shall have the power to make an order directing the defendant to pay a certain sum or a certain percentage of his earnings periodically, either directly or through the court or a probation officer, to the wife or to the guardian, curator or custodian of the said minor child or children, or to an organization or individual designated by the court as trustee, and to suspend sentence and release the defendant from custody on probation, upon his or her entering into a recognizance with or without surety, in such sum as the court may order and approve. The condition of the recognizance shall be such that if the defendant shall make his or her personal appearance in court upon such date as may be specified by the court, or whenever, in the meantime, he or she may be ordered so to do, and shall further comply with the terms of such order, or any subsequent modification or amendment thereof, then such recognizance shall be void, otherwise in full force and effect. Any order of support or amendment thereof entered under the provisions of this act shall remain in full force and effect until annulled by the court of original jurisdiction, or the court to which an appeal may be taken, provided, however, that such order of support or terms of probation shall be subject to change or modification by the court from time to time as circumstances may require, but no such change or modification shall effect or relieve the surety of his obligation under such recognizance, provided notice thereof be forthwith given to such surety."

The jury either misunderstood, or failed to obey, the instructions, and therefore the court should have set aside their verdict and granted a new trial.

We will correct this error here, and remand the case for a new trial, if the Commonwealth shall be advised to prosecute further at this time.

*Reversed and remanded.*