# Wytheville.

## SAM L. KEETON v. COMMONWEALTH.

June 13, 1929.

The opinion states the case.

*Hammack & Harrison*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile,* and *Edwin H. Gibson, Assistant Attorneys-General*, for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The accused was indicted for violating the prohibition law. The first count of the indictment was in the general form prescribed by the statute known as the omnibus count. The second count charged the unlawful possession of ardent spirits, and also charged that the accused had theretofore been convicted of violating the prohibition law.

The case was tried by a jury which rendered a general verdict finding the accused guilty and fixing his punishment at three months confinement in jail and a fine of $10.00. The trial court overruled a motion for a new trial and entered judgment carrying into effect the verdict of the jury.

It is assigned as error that the court overruled the motion to set aside the verdict of the jury and grant a new trial because the verdict was contrary to the law and the evidence. There was a conflict in the evidence which by the verdict of the jury was resolved in favor of the Commonwealth.

The material facts shown by the record may be stated as follows:

On April 15, 1928, the accused undertook to drive one Bryant Mitchell in an automobile from Lawrenceville, Brunswick county, Virginia, to the city of Petersburg. When they reached a place known as Wright's Filling Station, in Dinwiddie county, a collision occurred in which Mitchell was killed and the accused, Keeton, rendered unconscious. The witnesses who reached the scene of the accident shortly after it occurred testified that they found a bottle containing whiskey in the car, on the side opposite to the driver and between the feet of Bryant Mitchell whose body was found in the car after the wreck.

B. T. Richie testified that the bottle fell out of the seat on the running board on the side opposite the driver, and that he picked it up off of the running board. He further testified that the bottle was dirty and dusty.

Edward C. Tucker testified that he had talked with the accused at his filling station in Brunswick county some time before the accident occurred, and that he could not say that the accused had had a drink or had

been drinking at the time. He was of the opinion, however, that Bryant Mitchell, who had retired with two men to a room in the filling station, had taken a drink with them. He further testified that both the accused and Mitchell "inquired after whiskey."

James Thomas and Richard Roberson testified that they assisted in removing the accused from the automobile and helped to remove him to the hospital. They further testified that they smelled whiskey on the accused's breath.

The record further shows that the accused had been convicted in 1925 for driving an automobile, in the town of Lawrenceville, while under the influence of intoxicating liquor. He was convicted under the town ordinance, and, on appeal on a plea of guilty, the judgment of the mayor was affirmed by the Circuit Court of Brunswick county.

The accused testified that on the night prior to the accident, he and Bryant Mitchell drank out of a pint bottle, and that when Bryant Mitchell left him to go home the pint bottle was about two-thirds or three-fourths full. He denied that he had been drinking at any time during the day on which the accident occurred. He further testified that he did not know that Mitchell had any whiskey with him; that Mitchell knew that the accused had a weakness for strong drink, and that he did not wish to get him drunk that day or start him to drinking while driving the automobile.

When arraigned upon a criminal charge, the accused has thrown around him the presumption of innocence. This presumption follows him through every phase of the trial and remains with him until the verdict of the jury is pronounced. To find a verdict of guilty which will be valid in law, the jury must be satisfied from the evidence that the Commonwealth has

made out its case beyond a reasonable doubt. A jury is not warranted in arriving at a verdict finding the accused guilty when such verdict is the result of suspicion or guess. The facts must not only be consistent with his guilt, but they must be inconsistent with his innocence. On the other hand, those who violate the law should not be permitted to escape their just deserts by a resort to technicalities.

The transportation of the ardent spirits found in the automobile owned and driven by the accused was an unlawful act. Section 12 of the prohibition law (Acts, 1924, chapter 407) made the finding of the whiskey in the automobile *prima facie* evidence of the guilt of both of the occupants of the car. The bottle fell out of the seat on the side opposite the accused. It was "dirty and dusty."

In *Graham* v. *Commonwealth*, 140 Va. 452, 124 S. E. 429, it is held that circumstantial evidence is legal and competent in criminal cases and is entitled to the same weight as direst testimony. The undisputed facts show that the accused and Mitchell had been drinking with each other the night before the accident; that inquiry in regard to the procurement of whiskey was made at the garage where they stopped on the morning of the accident. Though denied by accused, two witnesses for the Commonwealth testified that the breath of the accused gave forth the odor of whiskey. It is futile to argue that the noticeable odor of whiskey on the breath of the accused in the morning was traceable to the whiskey consumed the night previous, in view of the evidence; a dusty pint bottle half full of whiskey was found in the seat of the car opposite the accused. The only question presented was one of fact. The jury have concluded this question. We are of opinion that the evidence is sufficient to sustain the verdict, and judgment of the trial court will be affirmed.

*Affirmed.*