# 𝔖taunton

R. L. Gilland v. Commonwealth of Virginia.

September 5, 1945.

Record No. 2942.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*S. B. Campbell* and *J. C. Shaffer*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *M. Ray Doubles, Assistant Attorney General*, for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The accused, R. L. Gilland, was tried by a jury upon an indictment which charged a violation of section 4448 of Michie's Code, to-wit: receiving stolen goods knowing that they were stolen.

A verdict of guilty was found by the jury against the accused and his punishment fixed at confinement in the

penitentiary for a term of three years. His motion to set, aside the verdict, on the ground that it was contrary to the law, was overruled, and judgment was accordingly pronounced by the court.

That the evidence upon which the accused was found guilty is sufficient to show his guilt beyond a reasonable doubt, is demonstrated by the fact that, though represented by eminent counsel, no contention is made that the verdict is contrary to the evidence.

The sole question made in this court is that the trial court erroneously instructed the jury on matters of law.

It is assigned as error that the trial court gave this instruction to the jury:

"The Court instructs the jury that if you believe from the evidence beyond all reasonable doubt that the accused received stolen goods belonging to Christiansburg Canning Co., Inc., with dishonest intent, knowing them to have been stolen, that the value of such goods was more than $50.00, then the court tells the jury that you should find the accused guilty of receiving stolen goods knowing the same to have been stolen under the indictment in this case, and fix his punishment at confinement in the penitentiary for not less than one (1) or more than ten (10) years."

The contention of the accused is that the instruction fails to require the Commonwealth to prove beyond a reasonable doubt the four elements constituting the crime of receiving stolen goods, knowing them to have been stolen, pursuant to the provisions of section 4448 of the Code.

In *Hey* v. *Commonwealth*, 32 Gratt. (73 Va.) 946, 34 Am. Rep. 799, Judge Burks, Sr., clearly stated the applicable rule when he said:

"To convict an offender against this statute four things must be proved: 1. That 'the goods or other things' were previously stolen by some other person. 2. That the accused bought or received them from another person, or aided in concealing them. 3. That at the time he so bought or received them, or aided in concealing them, he knew they

had been stolen. 4. That he so bought or received them, or aided in concealing them, *malo animo* or with a dishonest intent."

This doctrine was reaffirmed in *Longman* v. *Commonwealth*, 167 Va. 461, 188 S. E. 144.

Counsel for accused argues that the instruction, as given, led the jury to believe that the only thing necessary for the Commonwealth to prove beyond a reasonable doubt was that the accused received the stolen goods belonging to the Christiansburg Canning Company. The argument is more specious than sound.

The instruction specifically sets forth that the stolen goods were previously stolen by some other person; that the accused received them from another person; that at the time he received the goods he did so with dishonest intent, knowing them to have been stolen.

Accused demonstrated that his contention is untenable by his action in having the jury, on his motion, instructed as follows:

"The Court further instructs the jury that the only charge for which the defendant can be convicted in this case is that of receiving stolen goods knowing the same to have been stolen and that the Commonwealth must prove each of the following and beyond every reasonable doubt, otherwise their verdict must be not guilty. These things are:

"(1) That the cigarettes were previously stolen by some other person.

"(2) That Gilland bought or received them from another person or intentionally aided in concealing them.

"(3) That at the time he so bought or received them or aided in concealing them, he knew they had been stolen.

"(4) That he so bought or received them, or aided in concealing them with a dishonest intent.

"If any one or more of these facts has not been proven as required in instructions A and B, the verdict must be not guilty."

It is assigned as error that the court erred in instructing the jury as follows:

"The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the cigarettes in question were stolen property and that they came into the possession of the accused, Robert F. Gilland, in the County of Pulaski, *under such circumstances that the accused must have reasonably known that they were stolen property* and that he took possession of them intending to convert them to his own use or to assist in disposing of them, then you should find the accused guilty." (Italics added.)

This instruction is taken *verbatim* from an instruction approved by this court in *Hutchinson* v. *Commonwealth,* 133 Va. 710, 112 S. E. 624.

The burden of complaint is, as set forth in the petition for a writ of error, that: "This instruction overlooks entirely the fact that the burden was on the Commonwealth to prove knowledge. The defendant was not being tried for being a reasonable man nor for being a dullard. He was being tried for receiving stolen goods, knowing them to have been stolen."

It would strain our credulity to conclude that the jury were misled by this construction.

There is no merit in this assignment of error.

Over the objection of accused, the court instructed the jury as follows:

"The Court instructs the jury that while guilty knowledge is an essential element of the crime of receiving stolen goods, yet such guilty knowledge may be shown by or inferred from all of the circumstances known to the accused prior to and at the time of receiving said goods."

The following grounds are urged in support of the contention that the instruction is erroneous:

"First, it necessarily led the jury to the conclusion that the Court believed the evidence in the case sufficient to sustain a conviction and told them that they might base a conviction upon this evidence, and,

"Second, because it left out of view a question of reasonable doubt. This instruction was in effect on the weight of

the evidence and told the jury that the evidence was sufficient to sustain a finding of guilty knowledge."

We are unable to perceive the basis of the argument that the jury could conclude that the court believed the evidence sufficient to convict, and thus sought to influence the jury.

In reply to the second contention, we reiterate the doctrine so repeatedly stated by this court, that the multiplication of instructions is a handicap instead of an aid to a jury. *Nelson* v. *Commonwealth*, 153 Va. 909, 150 S. E. 407.

As set forth *ante*, three instructions given the jury had expressly stated that the Commonwealth must prove guilty knowledge beyond a reasonable doubt. The instruction simply told the jury from what sources guilty knowledge might be proven. *Painter* v. *Commonwealth*, 140 Va. 459, 124 S. E. 431.

Complaint is also made of the action of the court in giving to the jury this instruction:

"The Court instructs the jury that one charged with crime may be convicted upon circumstantial evidence, alone, or upon circumstantial evidence connected with other evidence, if the jury believe beyond a reasonable doubt from such circumstantial evidence, that the person so charged is guilty of the crime alleged against him in the indictment; therefore, the court instructs the jury in this case that they have the right to convict the defendant upon circumstantial evidence alone, or upon circumstantial evidence coupled with other evidence, if the jury from such circumstantial evidence or from such circumstantial evidence connected with other evidence, believe the guilt of the defendant to have been proved beyond reasonable doubt. And the court further instructs the jury that circumstantial evidence is not only competent but is sometimes the only mode of proof, therefore, if the jury believe from the evidence and circumstances in this case, beyond a reasonable doubt, that the accused committed the offense as charged against him in the indictment herein, then it is their duty to find him guilty."

The alleged prejudicial language in the instruction is: "And the court further instructs the jury that circumstantial evidence is not only competent but is sometimes the only mode of proof * * ."

The argument advanced is:

"In the quoted language the court argues to the jury and tells the jury that on the ground of necessity a conviction may be had upon circumstantial evidence. Such an instruction necessarily leads the jury to believe that the court attached great importance to this evidence because no other evidence can be secured."

The clause objected to was taken *verbatim* from an instruction approved in *State* v. *Sheppard*, 49 W. Va. 582, 39 S. E. 676, at 686-7.

While it is true that this court has not been called upon to deal with the exact language employed, and perhaps it would have been better to have eliminated the language complained of, the instruction as given could not possibly have prejudiced the accused. At most, it was harmless error, for the reason that this court has in substance approved, in a number of cases, the doctrine dealing with circumstantial evidence.

In *Clarke* v. *Commonwealth*, 159 Va. 908, 915, 166 S. E. 541, we said:

"So far as the record discloses there was no eyewitness to the alleged murder of Cox and the case of the Commonwealth was necessarily built upon circumstantial evidence. It has for a long period of time been the settled law in this State that circumstantial evidence is legal and competent in criminal cases, and if it is of such character as to exclude every reasonable hypothesis other than that the accused is guilty, *it is entitled to the same weight as direct testimony*. *Brown* v. *Commonwealth*, 97 Va. 791, 793, 34 S. E. 882; *Longley* v. *Commonwealth*, 99 Va. 807, 811, 37 S. E. 339.

"The reason for this salutary rule is nowhere better stated than by Judge Christian in *Dean* v. *Commonwealth*, 32 Gratt. (73 Va.) 912, 914: 'There are some crimes committed

with such secrecy that to require the production of a witness who saw the act committed would be to defeat public justice, to deny all protection to society, to let the greatest offenders go free, and the most heinous crimes go unpunished.'

"Clothed as he is with the presumption of innocence, an accused, especially in a case where his conviction is sought upon circumstantial evidence is entitled to have the evidence scanned with great care; but, when the circumstances proved are of such a character as to warrant a verdict of guilty, *neither courts nor juries* should be alert to discover technical loopholes through which the guilty can escape merited punishment. When, after a fair trial, a jury has found a verdict of guilty, the motion of an accused to set aside the verdict on the ground that it is contrary to the evidence 'should be granted only in a case of plain deviation from right and justice.' *Dean* v. *Commonwealth, supra.*" (Italics supplied.)

In *Johnson* v. *Johnson,* 154 Va. 788, 791, 153 S. E. 670, Mr. Justice Holt gives us the yardstick by which circumstantial evidence should be measured. There it is said: "How must we measure it when such an offense is charged?

"Judge Lewis, in *Throckmorton* v. *Throckmorton,* 86 Va. 768, 11 S. E. 289, 290, gives us a fine yardstick. 'It must be such * * * as to lead the guarded discretion of a reasonable and just man to the conclusion of the defendant's guilt.' From its very nature, it must often be circumstantial, and circumstantial evidence in such cases is governed by the ordinary rules which obtain when it is elsewhere under consideration. Common sense and the common experience of men are our best guides."

It is inconceivable that one competent to serve as a juror could be ignorant of the fact that in a multitude of cases the only evidence available is circumstantial.

There is no merit in the assignment of error.

The chief reliance of the accused for a reversal of the judgment entered against him is the action of the court in giving the followed instruction:

"The Court instructs the jury that while under the law to sustain the charge of receiving stolen goods knowing the same to have been stolen it is necessary for the Commonwealth to establish beyond a reasonable doubt that the goods were previously stolen by some other person than the accused; that the accused received the said goods from some other person; that at the time he received them he knew they had been stolen; and that he received them with dishonest intent; yet, if you believe from the evidence beyond a reasonable doubt that the accused was recently before his arrest in exclusive possession of the cigarettes mentioned in the evidence then such possession of itself affords sufficient grounds for the presumption of fact that the accused received the said cigarettes knowing them to have been stolen and received them with dishonest intent, and in order to repel the presumption makes it incumbent on him, on being called for the purpose to account for such possession consistently with his innocence. If he gives a reasonable account of it then it devolves on the Commonwealth to prove that such account is untrue. If he gives an unreasonable account of it then it devolves on the prisoner to sustain such account by other evidence.

"You are further instructed that the circumstances under which the prisoner is found in possession of such property, the time and place, the conduct of the accused, and his account of his possession are all matters for the consideration of the jury."

It is contended by the accused "that this instruction told the jury that the mere or bare possession recently before his arrest of stolen property afforded a presumption of two things. First, of knowledge of the theft, and second, of the dishonest intent essential to a conviction."

■ We are unable to concur in this contention.

The instruction does not deal with a presumption arising from the mere or bare possession of stolen property as a matter of law. It merely tells the jury that the recent possession of stolen property affords ground for the presumption of fact that the accused received the goods know-

ing them to have been stolen, and received them with dishonest intent. *Price* v. *Commonwealth*, 21 Gratt. (62 Va.) 846.

The instruction is taken from an instruction given in *Stapleton* v. *Commonwealth*, 140 Va. 475, 124 S. E. 237, except that the words "that the accused received the said cigarettes knowing them to have been stolen and received them with dishonest intent" are substituted for the words "that he was the thief."

In the *Stapleton Case*, three defendants were jointly indicted for burglary and grand larceny. Stapleton elected to be tried separately. The proof showed that Stapleton was not the actual thief, but that he later received the stolen goods from the other two defendants. The court, in holding the instruction to be a proper one, used this language:

"Did the court err in giving instruction No. 3, asked for by the Commonwealth, by which the jury were in effect told that they might consider *the fact of recent exclusive possession of the stolen property, under the circumstances set forth in the instruction*, as evidence of the aforesaid constructive larceny, as well as of the actual larceny?

"The question must be answered in the negative.

"It is settled that the rule of evidence mentioned in the instruction in question is equally applicable when the prosecution is for the aforesaid constructive, as for actual, larceny.

"As said in 2 Bish. New Cr. Prac. (2d ed.), section 959: 'Not only is the evidence of possession relevant in cases of larceny, but in other cases also, and among those other cases is (where) the indictment (is) for receiving stolen goods. * * * When goods are shown to have been stolen, recent possession of them is evidence against the possessor, tending to show either the original theft to have been committed by him, or a guilty receiving by him, according to the other circumstances of the case.' "

Even though it be conceded that there is force in the contention of the accused, we would not be justified in reversing the judgment on a technical error such as the one relied upon.

The doctrine of harmless error is deeply embedded in our jurisprudence and this court will not be alert to discover loopholes in order that the guilty may escape their just deserts. *Keeton* v. *Commonwealth*, 152 Va. 1036, 1040, 148 S. E. 783.

It appears from the record that the guilt of the accused is shown beyond every reasonable doubt, and that fact is emphasized by the lack of a motion to set aside the verdict of the jury as contrary to the evidence. This being true, it would be an anomaly to hold that the accused has not had a fair trial.

There is a vast distinction between a fair trial and a perfect one. A fair trial is had when an accused has been tried by an impartial jury and a verdict of guilt is found upon credible evidence which demonstrates that his guilt has been proven beyond the peradventure of a doubt, and there has been no bending or breaking of his constitutional rights. A perfect trial is one of the things hoped for but as yet an iridescent dream.

There are other assignments of error dealing with the action of the court in refusing to give certain instructions asked for by the accused.

A careful examination of the instructions leads to the conclusion that they were properly refused.

The judgment of the trial court will be affirmed.

*Affirmed.*