COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


HENRY MARTIN McCLARY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0187-97-1      JUDGE WILLIAM H. HODGES
                                        JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Steven K. Smith for appellant.

Ruth Ann Morken, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Henry Martin McClary (defendant) appeals his conviction for receiving stolen goods, Code § 18.2-108, claiming that the Commonwealth's evidence was insufficient to prove all the elements of the offense.  Because we agree that the Commonwealth failed to prove that defendant possessed the stolen property, we reverse.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, we recite only those facts necessary for disposition of the case.

Defendant was arrested on February 28, 1996 outside of a Super Kmart located in York County, Virginia.  Kevin Rowe, a "loss prevention officer" saw defendant secreting several

_____
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

packages of cigarettes into a brown paper bag and then leave the store without paying for them. Officer Rowe had seen defendant in the store approximately a week and a half earlier and had noted his appearance because he was acting suspiciously. At that time, defendant had exited the store and driven away in a white Chevrolet automobile with the license plate number "ZUM-2450."

When Officer Rowe saw defendant shoplifting, he followed defendant out into the parking lot and held him for eventual arrest. A white Chevrolet automobile with license plate number ZUM-2450 was also in the parking lot at that time, but Officer Rowe stopped defendant before he could approach the vehicle.

Upon examination by the police, it was discovered that the vehicle's steering column was damaged and the ignition removed. A later investigation revealed that the car had been stolen from Patricia Lee, the registered owner, three months prior. On July 16, 1996 defendant was indicted for receiving stolen goods, the white Chevrolet, "on or about February 28, 1996" and was found guilty by a jury.

For a conviction of receiving stolen goods to stand, the very least the Commonwealth must prove is that the defendant either actually or constructively possessed the goods. See Gilland v. Commonwealth, 184 Va. 223, 227-28, 35 S.E.2d 130, 131 (1945). In the instant case, we look to the time charged in the indictment, on or about February 28, 1996, for evidence that defendant possessed the car. Defendant was apprehended before he

2

had even approached the stolen vehicle. He never admitted to the police that he used the vehicle. The record is devoid of physical evidence, such as fingerprints, or testimonial evidence from witnesses that would tie defendant to the vehicle on the day in question. In short, even in the light most favorable to the Commonwealth, there is a lack of evidence to show defendant possessed the stolen vehicle as set forth in the indictment. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Under these circumstances, we must hold as matter of law that there is insufficient evidence to support the conviction. According, we reverse.

Reversed.