COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Cheapeake, Virginia


JOHN K. GOFFIGAN, III

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2554-08-1                JUDGE D. ARTHUR KELSEY
                                                        FEBRUARY 23, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
James A. Luke, Judge

        Michael D. Eberhardt for appellant.

        Alice T. Armstrong, Assistant Attorney General II  (William C.
        Mims, Attorney General, on brief), for appellee.


        The trial court convicted John K. Goffigan, III, of aggravated malicious wounding, use of

a firearm during a felony, and possession of a firearm by a convicted felon.  On appeal, Goffigan

argues the court erroneously permitted the prosecutor to impeach a witness with an improper

question.  We affirm Goffigan's convictions, finding the alleged error harmless.

                                                    I.

        During cross-examination of a defense witness, the prosecutor asked whether *another*

defense witness would be "mistaken" *if* he testified earlier in the trial that he brought both

Goffigan and his codefendant together to the scene of the crime.  Goffigan's counsel objected,

arguing the prosecutor had mischaracterized the earlier witness's testimony and, in any event, "it

is improper in this state for one witness to comment upon another witness'[s] testimony."  After

the trial court overruled the objection, the witness answered:  "He could have brought them over

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication. Given the
narrow question before us, we summarize only those facts essential to our decision.

there. I don't know." Later in the trial, Goffigan called his brother to the stand. He testified that

Goffigan and his codefendant "drove up together" to the scene of the crime in "the same car."

## II.

Absent an error of constitutional magnitude, "no judgment shall be arrested or reversed"

when "it plainly appears from the record and the evidence given at the trial that the parties have

had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. The

harmless error statute "puts a limitation on the powers of this court to reverse the judgment of the

trial court — a limitation which we must consider on every application for an appeal and on the

hearing of every case submitted to our judgment." Walker v. Commonwealth, 144 Va. 648, 652,

131 S.E. 230, 231 (1926). Code § 8.01-678 thus makes "harmless-error review required in *all*

cases." Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in

original and text in parenthetical to code citation).

A criminal defendant, after all, "'is entitled to a fair trial but not a perfect one,' for there

are no perfect trials." Kirby v. Commonwealth, 50 Va. App. 691, 698, 653 S.E.2d 600, 604

(2007) (quoting Brown v. United States, 411 U.S. 223, 231-32 (1973)). It is "the duty of a

reviewing court to consider the trial record as a whole and to ignore errors that are harmless lest

they retreat from their responsibility, becoming instead impregnable citadels of technicality."

Kirby, 50 Va. App. at 699, 653 S.E.2d at 604 (citation and internal quotation marks omitted).

Harmless error review stems from the "imperative demands of common sense," Oliver v.

Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928), and is "deeply embedded in our

jurisprudence," Gilland v. Commonwealth, 184 Va. 223, 235, 35 S.E.2d 130, 134 (1945).

Nonconstitutional error is harmless if, "when all is said and done," we can say with

confidence that the alleged error "did not influence" the factfinder or had "but very slight effect"

on the final decision. Kirby, 50 Va. App. at 698-99, 653 S.E.2d at 604 (citation omitted). A

conviction cannot stand if we "cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error" or if we are "left in grave doubt" about its influence. Id. (citation omitted). We focus our review on "a host of factors," including

> the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

Hall v. Commonwealth, 32 Va. App. 616, 627-28, 529 S.E.2d 829, 835 (2000) (*en banc*).

In this case, we have no doubt about the degree of influence the alleged error had on the final decision. It had none at all. Goffigan cannot complain about the witness's answer to the objectionable question because it was a wholly uninformative "I don't know" — rendering the attempted impeachment ineffectual. Nor can Goffigan complain about the *implicit* suggestion embedded in the prosecutor's question (that Goffigan and the codefendant arrived together at the scene of the crime) because, as the trial court obviously knew, counsel's questions are not evidence,[1] and because, as the trial court later found out during the trial, the implicit suggestion was *expressly* asserted to be true by a later defense witness.

Consequently, it is wholly unnecessary to address the underlying debate on the proper scope of cross-examination of one witness with contrary testimony attributed to another. "Given

---

[1] See Forsyth v. Doolittle, 120 U.S. 73, 77 (1887) (reaffirming that counsel's questions "are not evidence; they are mere statements to these witnesses" and thus a factfinder cannot "consider the statements as facts in the case, but merely as assumptions of the party propounding the questions"); Richter v. Hickman, 578 F.3d 944, 967 (9th Cir. 2009) (noting the "obvious fact that the questions posed by counsel on cross-examination are not evidence"). This point is particularly true here, given that a trial judge "is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).

- 3 -

our holding, any discussion on that point would conflict with two principles of judicial self-restraint: our reluctance to issue what amounts to an 'advisory opinion' on an inessential subject, and our corresponding desire to decide the case 'on the best and narrowest ground available.'" Cooper v. Commonwealth, 54 Va. App. 558, 556, 680 S.E.2d 361, 365 (2009) (citation omitted).

### III.

Because Goffigan's argument at best implicates only harmless error, Code § 8.01-678 requires that we affirm his convictions.

<u>Affirmed.</u>
