COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Chafin and Decker
Argued at Norfolk, Virginia

MATTHEW COLUMBUS WILLIAMS

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
AUGUST 4, 2015

v.      Record No. 0219-14-1

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

M. Colston Jones, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Matthew Columbus Williams ("appellant") was convicted of driving while intoxicated,

third offense in ten years, in violation of Code §§ 18.2-266, -277.[1]  On appeal, appellant

challenges the admission of a prior conviction order because it "was not a properly certified

copy" as required by Code § 8.01-389.

Code § 8.01-389(A) provides in part, "The records of any judicial proceeding and any

other official records of any court of this Commonwealth shall be received as prima facie

evidence provided that such records are certified by the clerk of the court where preserved to be

a true record."  Code § 17.1-258.3:2 further provides in part, "A clerk of circuit court may

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of driving on a revoked license while intoxicated, in
violation of Code § 46.2-391(D)(2)(a), and unreasonably refusing to take a breath test, third
offense, in violation of Code § 18.2-268.3.  However, those convictions are not the subjects of
this appeal.

establish a system for providing official certificates and certified records in digital form of any document maintained by the clerk."

At appellant's trial, the Commonwealth moved to admit a copy of a January 26, 2006 conviction order from the Norfolk Circuit Court for appellant's conviction of driving while intoxicated, second offense. The order was signed by a judge, and near the judge's signature, language provided that it was digitally signed by the deputy clerk. Underneath the deputy clerk's name, it stated, "Va. Code § 17.1-258.3:2" and "I agree to specified portions of this document."[2] The trial court found that Code § 17.1-258.3:2 permitted the clerk to provide official certificates in digital form and overruled appellant's objection to the admission of the conviction order. Without objection, the trial court admitted into evidence appellant's DMV abstract. The abstract stated that appellant was convicted in Norfolk Circuit Court on January 26, 2006 of driving while intoxicated, second offense.

Assuming without deciding that the trial court erred in admitting the January 26, 2006 conviction order that was signed digitally, the error was harmless. Absent an error of constitutional magnitude, "no judgment shall be arrested or reversed" when "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. Harmless-error review stems from the "imperative demands of common sense," Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928), and is "deeply embedded in our jurisprudence," Gilland v. Commonwealth, 184 Va. 223, 235, 35 S.E.2d 130, 134 (1945). The harmless-error statute "puts

---

[2] Code § 17.1-258.3:2 provides a means for a court clerk to digitally sign "official certificates and certified records" by allowing the clerk to "establish a system" for providing the certified records "in digital form." Code § 8.01-389(A) further provides that any "official records of any court" are prima facie evidence as long as the records are certified by the clerk of the court where preserved to be a true record.

a limitation on the powers of this court to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment." Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926). Code § 8.01-678 thus makes "harmless-error review required in *all* cases." Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (text in parenthetical to statutory citation).

A criminal defendant, after all, "is entitled to a fair trial but not a perfect one, for there are no perfect trials." Kirby v. Commonwealth, 50 Va. App. 691, 698, 653 S.E.2d 600, 603 (2007) (internal quotation marks omitted). The harmless-error doctrine "preserve[s] the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." Arizona v. Fulminante, 499 U.S. 279, 308 (1991) (internal quotation marks omitted). It is thus "the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless lest they retreat from their responsibility, becoming instead impregnable citadels of technicality." Kirby, 50 Va. App. at 699, 653 S.E.2d at 604 (internal quotation marks omitted).

Non-constitutional error is harmless if, "when all is said and done," we can say with confidence that the alleged error "did not influence" the factfinder or "had but very slight effect" on the final decision. Id. at 698, 653 S.E.2d at 604 (internal quotation marks omitted). A judgment cannot stand if we "cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error" or if we are "left in grave doubt" about its influence. Id. (internal quotation marks omitted).

Admitting the digitally signed conviction order "had but very slight effect" on the final decision, and any error in its admission is harmless. Appellant's DMV transcript, which was not objected to by appellant, proved appellant's January 26, 2006 conviction for driving while intoxicated, second offense. The trial court could have found that appellant had been convicted for driving while intoxicated on two other occasions in the past ten years by simply considering appellant's DMV transcript that listed his convictions.

Affirmed.