Richmond

## JOHN WESLEY ROZIER
### v.
## COMMONWEALTH OF VIRGINIA

November 22, 1978.

Record No. 771902.

Present: All the Justices.

Sa'ad El-Amin (Sa'ad El-Amin and Associates, on briefs), for appellant.

Richard B. Smith, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.

I'ANSON, C. J., delivered the opinion of the Court.

Defendant, John Wesley Rozier, was found guilty by a jury of possession of preludin, a controlled substance, with intent to distribute in violation of Code § 18.2-248. His punishment was fixed at 20 years in the State penitentiary and a $5,000 fine, and he was sentenced accordingly.

The defendant contends that the trial court committed prejudicial error when it required him to testify, over his objection, that the police told him that they had been informed that he was selling "Bam" (preludin) from his car.

On April 14, 1977 at approximately 10:45 p.m., Detective John A. Cox of the city of Richmond's narcotics squad, received a telephone call from a "reliable informant." After receiving this call, Detective Cox, accompanied by Detectives Robinson and Sherron, went to the 500 block of North Second Street in Richmond. Based on the information that Cox had received, the police officers located a 1975 Lincoln automobile parked in the lot at this address. There were three street lights at this location, and the detectives could see the vehicle clearly from their vantage point some 40 or 50 feet away. The automobile was unoccupied at the time of the officers' arrival.

Approximately ten minutes after they had arrived on the scene, the detectives saw the defendant and two other men approach the Lincoln automobile. When the defendant reached the automobile, he placed a key in the car's door, unlocked the door and opened it. Once inside the vehicle, the defendant sat on the passenger's side of the front seat, leaned over in the direction of the steering wheel, sat up and then leaned over again. The defendant then got out of the vehicle and made what was characterized by Cox as a "fist type drop" with one of the other men; that is, his cupped hand had contact with the cupped hand of one of his companions, who then left the scene.

At this time, the three officers left their car and moved toward the defendant. As Detective Sherron approached him, the defendant took a set of keys from his pocket and threw them toward his remaining companion who was standing at the rear of the automo-

bile. This individual missed the keys and they slid under the car. Detective Robinson retrieved the keys and gave them to Detective Cox who unlocked the car's door. The defendant was advised by the officers that they had information he had drugs in his automobile.

After opening the car's door, Cox got into the front seat and in an open ash tray found a "Kool" cigarette package which had been folded over at the top. Upon opening the cigarette package, Cox found eight pink pills inside which were later analyzed by the State Forensic Laboratory and found to be preludin (street name "Bam"), a heroin substitute. When Cox entered the vehicle, the defendant said, "there's nothing in my ride now" ("ride" being a slang term for automobile).

After Cox found the preludin, he arrested the defendant and thereafter advised him of his constitutional rights. Later, while being questioned by Detective Robinson, the defendant stated that, "I saw Detective Cox count seven or eight pills, being the 'Bam' man, don't you think I should have had more than eight pills but like you say, it don't take but two to bust a man, does it, so you got me good." When defendant was asked how much money he had, he responded by taking $860 from his pockets in various denominations.

At the trial, the defendant took the stand in his own behalf. His direct testimony closely parallels that of the detectives as to what occurred in the parking lot. On cross-examination, the defendant, over his objection, was required by the court's ruling to state the substance of what one of the detectives had told him concerning the information he (the detective) had received from a reliable informant about the defendant's activities that night.

The defendant argues that the testimony he was required to give was hearsay and prejudicial error requiring a reversal of his conviction.

On the other hand, the Commonwealth contends that the objection to the admissibility of the evidence was not stated with reasonable certainty and it should not be noticed by us (Rule 5:21); and, alternatively, that the admission of the evidence was harmless, if error.

Although the evidence complained of was hearsay and was objected to as inadmissible, we need not determine whether the ground for the objection was stated with reasonable certainty because in our view even if the evidence was improperly admitted it was harmless beyond a reasonable doubt.

Error committed in the trial of a criminal case does not automatically require a reversal of an ensuing conviction if the error is harmless. Code § 8.01-678. In the present case, the properly admitted evidence of defendant's guilt is overwhelming that he was in possession of the preludin, a controlled drug, and that he was distributing it. Defendant's admission to Detective Robinson substantiates this. The evidence presents no reasonable possibility that the jury would have found the Commonwealth's case less persuasive had the hearsay evidence complained of been excluded. The jury could have reached no verdict, other than a verdict of guilty, that would have been consistent with the evidence if the objectionable evidence had been excluded. Hence, we hold that admission of the evidence complained of was harmless.

For the reasons stated, the judgment is

*Affirmed.*