COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


AL BAACE ABDULLA AL-GHANI

                                   MEMORANDUM OPINION* BY
v.    Record No. 0264-98-4         JUDGE NELSON T. OVERTON
                                        MAY 18, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      John E. Kloch, Judge

          Jeffrey T. Barbour (Office of the Public
          Defender, on brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     In a bench trial, appellant was convicted of attempting to

possess cocaine, and was given a two year suspended sentence.

On appeal, appellant contends that the trial court erred:  (1)

in refusing to sanction the Commonwealth for failing to preserve

the imitation cocaine sold to appellant by an undercover police

officer; (2) in finding the evidence sufficient to prove beyond

a reasonable doubt that appellant committed the charged offense;

(3) in rejecting appellant's entrapment defense; and (4) in

denying appellant's motion for a new trial based upon the trial

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

judge's failure to recuse himself.  Finding no error, we affirm appellant's conviction.

The parties are fully conversant with the record in this case.  Because this memorandum opinion carries no precedental value, no recitation of the facts is necessary.

I.

In Galbraith v. Commonwealth, 18 Va. App. 734, 739, 446 S.E.2d 633, 636-37 (1994), this Court stated that

> [u]nless appellant can show bad faith on the part of the prosecution, or that the missing evidence would be exculpatory, failure to preserve potentially relevant evidence does not constitute a denial of due process.  Arizona v. Youngblood, 488 U.S. 51, 58 (1988). . . .  "Determining the intentions of the police in failing to preserve evidence requires consideration of the nature of the evidence.  If it is clear that, had the evidence been properly preserved, it would have formed a basis for exonerating the defendant, then absent a showing to the contrary we must assume that the police were not acting in good faith. However, in Youngblood, the Supreme Court held that the 'Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.'"

(quoting Tickel v. Commonwealth, 11 Va. App. 558, 562-63, 400 S.E.2d 534, 537 (1991)).

In the present case, appellant has demonstrated no evidence of bad faith on the part of the police.  Posing as a street level drug dealer, Officer Tony Sidnor sold appellant a piece of

white chocolate which was similar in texture, color, and size to crack cocaine sold on the streets. The record shows that the police may or may not have recovered the white chocolate after appellant's arrest. Sidnor, who directed the operation, did not tell the arresting officers what to do with the white substance. Officer Sharma, a member of the arrest team, confirmed that he received no instructions regarding the recovery of the substance, and he was unaware of the disposition of the substance. The record reflects that the substance was last seen in the possession of appellant. These circumstances do not indicate the existence of bad faith on the part of the police.

Moreover, appellant has not shown that if the white chocolate had been preserved, it would have formed a basis for exonerating him. At most, appellant can assert that the substance was potentially exculpatory in that it may have differed in appearance or texture from Sidnor's description of the substance he sold to appellant. As discussed below, however, the evidence was sufficient to support a conclusion beyond a reasonable doubt that appellant intended to purchase actual cocaine. Therefore, appellant suffered no violation of his due process rights.

Appellant also contends that the failure to preserve the evidence violated his rights under the Confrontation Clause of the Sixth Amendment. Cases invoking violations of the confrontation clause fall into two general categories: (1)

cases involving admissions of out-of-court statements; and (2) cases involving restrictions on the scope of cross-examination. See Delaware v. Fensterer, 474 U.S. 15, 18-19 (1985). This case plainly does not fall into either category.

The Virginia Supreme Court has stated:

> A defendant's rights under the confrontation clause are trial rights which are designed to prevent the improper restriction of cross-examination. These rights "[do] not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Pennsylvania v. Ritchie, 480 U.S. 39, 53 (1987). These rights are "satisfied if defense counsel receives wide latitude at trial to question witnesses." Id.

Goins v. Commonwealth, 251 Va. 442, 456, 470 S.E.2d 114, 124 (1996). Appellant was virtually unrestricted in his cross-examination of Sidnor. We find no Sixth Amendment violation.

Nor do we find merit in appellant's claim that Virginia's discovery rules required the Commonwealth to preserve the substance sold to appellant by Sidnor. Rule 3A:11(b)(1) permits discovery by the accused of certain items "that are known by the Commonwealth's attorney to be within the possession, custody or control of the Commonwealth." The record does not indicate that the imitation cocaine was actually recovered by the police from appellant upon his arrest, or that it was in the Commonwealth's possession, custody, or control.

Appellant also contends that the Commonwealth violated Code § 18.2-253 and that the appropriate sanction for this violation is the dismissal of the charge against him. Code § 18.2-253 provides that "[a]ll controlled substances, imitation controlled substances, marijuana or paraphernalia the lawful possession of which is not established or the title to which cannot be ascertained, which have come into the custody of a peace officer or have been seized in connection with violations of this chapter," shall be disposed of in the manner described by the statute. However, except in circumstances inapplicable to this case, "[n]o such substance or paraphernalia used or to be used in a criminal prosecution under this chapter shall be disposed of as provided by this section until all rights of appeal have been exhausted . . . ." Code § 18.2-253(B).

In United States v. Belcher, 762 F. Supp. 666 (W.D. Va. 1991), the Commonwealth destroyed alleged marijuana the defendant was charged with having manufactured. The Commonwealth had performed no testing on the substance prior to destroying it. The Belcher court applied due process principles and, finding a constitutional violation to exist, ruled that the charge should be dismissed. Id. at 672-73.

As noted above, however, appellant suffered no due process violation in the present case. "'While violations of state procedural statutes are viewed with disfavor, . . . neither the Virginia Supreme Court nor the legislature has adopted an

exclusionary rule for such violations . . . where no deprivation of the defendant's constitutional rights occurred.'" West v. Commonwealth, 16 Va. App. 679, 692, 432 S.E.2d 730, 738 (1993) (citation omitted). "[A]bsent an express statutory provision for suppression," the Virginia Supreme Court has "steadfastly refused to extend [the exclusionary] rule to encompass evidence seized pursuant to statutory violations . . . ." Janis v. Commonwealth, 22 Va. App. 646, 651, 472 S.E.2d 649, 652, aff'd on reh'g en banc, 23 Va. App. 696, 479 S.E.2d 534 (1996).

Code § 18.2-253 does not provide that the Commonwealth's failure to dispose of imitation controlled substances in the manner prescribed should result in the suppression of evidence or the imposition of other sanctions against the Commonwealth. Therefore, the trial judge did not err in refusing to dismiss the charge due to the Commonwealth's apparent failure to abide by Code § 18.2-253.

II.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

Where the defendant is charged with attempting to commit a crime,

the Commonwealth must prove the accused had a specific intent to commit that crime. Moreover, to convict an accused of possession of a particular unlawful substance, the Commonwealth must prove that the accused was aware of the character of the particular substance at issue. "'The purchase of a noncontrolled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to possess . . .' provided the government 'proves the defendant's subjective intent to purchase . . . actual narcotics beyond a reasonable doubt.'"

Smith v. Commonwealth, 16 Va. App. 626, 627-28, 432 S.E.2d 1, 2 (1993) (citations omitted).

"Intent is a subjective state of mind, and proof of it is ofttimes difficult. Frequently, it must be proved by circumstantial evidence alone." Rodriguez v. Commonwealth, 18 Va. App. 277, 282, 443 S.E.2d 419, 423 (1994) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995). Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Appellant's asserted hypothesis of innocence--that he intended to purchase imitation cocaine from Sidnor--did not flow from the evidence. Appellant agreed to purchase a two dollar

"piece," a street jargon reference to crack cocaine. He agreed to the purchase before Sidnor showed him the substance. While Sidnor and appellant discussed the sale, there was no indication that the item proposed for sale was anything other than actual cocaine.

Moreover, the circumstances surrounding the transaction were consistent only with a sale of actual cocaine. The packaging and appearance of the white chocolate was consistent with real cocaine. The transaction took place surreptitiously, after appellant and Sidnor agreed to the terms of the transaction. A two dollar sale of cocaine, although rare, was not unprecedented in Sidnor's experience. Considering the facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed the intent to purchase cocaine and that appellant committed the charged offense.

### III.

"Entrapment is the conception and planning of an offense by a police agent, and his or her procurement of its commission by 'one who would not have perpetrated it except for the trickery, persuasion, or fraud' of the police." Howard v. Commonwealth, 17 Va. App. 288, 293, 437 S.E.2d 420, 424 (1993) (citation omitted). "There is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to

one willing to commit a crime." Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985).

While Sidnor provided the opportunity for appellant to commit the crime, there was no evidence that appellant would not have attempted to purchase cocaine except through the persuasion, trickery, or fraud of the police. That Sidnor sold the "cocaine" to appellant for only two dollars, which was all the money appellant said he possessed, did not prove that the crime was the result of entrapment. Indeed, appellant's "ready commission of the criminal act amply demonstrate[d his] . . . predisposition." Jacobson v. United States, 503 U.S. 540, 550 (1992). Therefore, the trial judge did not err in rejecting appellant's entrapment defense.

IV.

Canon 3(C) of the Canons of Judicial Conduct provides:

> C. Disqualification.
> (a) A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (1) To this end, he should abstain from performing or taking part in any judicial act in which his personal interests are involved. He should not act in a controversy where a near relative is a party. He should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by his kinship, rank, position or influence of any party or other person.
> (2) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial

interests of his spouse and minor children residing in his household.

In a similar case involving a former Commonwealth's Attorney's refusal to recuse himself as trial judge, this Court stated that

> [t]he requirement of this Canon is clear; a judge must diligently avoid not only impropriety but a reasonable appearance of impropriety as well.  Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion.  Judges are presumed to be aware of the provisions of Canon 3, and their decisions will not be disturbed absent an abuse of that discretion.

Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996) (citation omitted).

The record reveals that the trial judge, a former Commonwealth's Attorney in Alexandria, gave full and fair consideration to appellant's pretrial motion, as well as to the objections raised by appellant during trial.  The mere fact that a trial judge makes rulings adverse to a defendant, standing alone, is insufficient to establish bias requiring recusal.  See Stamper, 228 Va. at 714, 324 S.E.2d at 686; Stevens v. Commonwealth, 8 Va. App. 117, 123, 379 S.E.2d 469, 473 (1989). At the post-trial hearing, the judge indicated that he was aware of no bias or prejudice he may have harbored against appellant, and the record does not demonstrate otherwise.  Therefore, appellant has demonstrated no basis upon which to reverse the

trial judge's decision, exercised in his discretion, not to recuse himself.

For the foregoing reasons, appellant's conviction is affirmed.

<u>Affirmed.</u>