COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Lemons and
         Senior Judge Duff
Argued by teleconference


ALFRED DEARING

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1233-98-4          JUDGE CHARLES H. DUFF
                                       AUGUST 17, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge

           David A. Oblon (Albo & Oblon, L.L.P., on
           briefs), for appellant.

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Alfred Dearing, appellant, appeals from his convictions of

robbery and the use of a firearm in the commission of robbery.  On

appeal, appellant contends that the admission of a codefendant's

statement to the police violated appellant's Sixth Amendment

rights, as well as Virginia's hearsay rule.  Finding no reversible

error, we affirm.

                              FACTS

     On August 7, 1997, at about 1:35 a.m., Danny Neil was

walking near the corner of South Kenmore and Nineteenth Streets

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

in Arlington when a white or tan car stopped beside him. The front seat passenger in the car pointed a handgun at Neil and demanded money. When Neil indicated that he had no money, the passenger ordered Neil to turn over his gold chain necklace. Neil complied. Neil testified that the lighting in the vicinity of the robbery was good, permitting him clearly to observe both the driver and the front seat passenger, who were the only occupants of the vehicle.

Police officers conducting routine surveillance in that same area had begun watching the movements of a white Honda at about 1:15 a.m. The vehicle had a Maryland license plate with the number EDV 300. The two men in the vehicle had been involved in a suspicious encounter with a male pedestrian, so the police continued to watch the Honda as it moved about the area, losing sight of the vehicle for only about thirty seconds at a time. Officers saw the Honda stop near the intersection of South Kenmore and Nineteenth Streets. A man was standing on the sidewalk next to the passenger side of the car.

The car moved away from the pedestrian and made several turns. At one point, the car stopped and the driver and passenger switched places in the vehicle. Eventually, the car traveled north on Route 395. The car slowed down abruptly when a state trooper's vehicle approached to stop another car. After crossing into Washington, D.C., the vehicle made a U-turn and returned to Virginia. At that point, the police stopped the

2

Honda.  Appellant was the driver of the vehicle, and Leroy Dorsey was the passenger.

Immediately after he was robbed, Neil called 911 from a nearby pay telephone.  The police subsequently brought Neil to the location on Route 395 where officers were detaining appellant and Dorsey.  Neil identified appellant as the man who robbed him, and Dorsey as the driver of the car in which appellant was riding during the robbery.  Appellant was wearing Neil's gold chain necklace.

At about 2:15 a.m., Detective Paul Larson questioned Dorsey about the robbery.  Before the interrogation, an officer advised Dorsey of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  Dorsey, both verbally and in writing, affirmed that he understood his rights.

Initially, Dorsey denied any involvement in the robbery. Larson told Dorsey about the seriousness of the crime and that honesty was "always the best policy."  Larson testified that Dorsey became somewhat emotional.  Dorsey then admitted that he and appellant came to Virginia from Maryland to commit a robbery.  Dorsey stated that he was driving and that appellant actually robbed a man on Kenmore Street.  He also said that appellant was wearing the stolen necklace when the police stopped them.

Between 9:00 and 10:00 a.m. on August 7, 1997, Detective Larson located a handgun on the left side of northbound Route

3

395 along the route where appellant and Dorsey had traveled. Neil identified this weapon as the gun used by appellant during the robbery.

At a joint jury trial for appellant and Dorsey, Neil identified each of them, respectively, as the man who had robbed him and the driver of the car. The Commonwealth introduced into evidence against appellant Dorsey's statement to the police.

ANALYSIS

Appellant asserts that the admission of Dorsey's statement violated his rights under the Confrontation Clause of the Sixth Amendment. The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." Maryland v. Craig, 497 U.S. 836, 845 (1990).

In Lilly v. Virginia, 119 S. Ct. 1887 (1999), the Commonwealth introduced into evidence at trial the statement of a codefendant. The codefendant told the police that he had been drunk during a string of crimes in which he was involved with Lilly and another individual. Although the codefendant admitted committing a theft, he placed the blame for a subsequent carjacking and murder principally upon Lilly. The Supreme Court

of the United States found that the admission of the codefendant's statement violated Lilly's Confrontation Clause rights and reversed Lilly's convictions.  See id. at 1901.

We assume without deciding that Lilly controls the present case and that admission of Dorsey's statement against appellant violated his rights under the Confrontation Clause.  However, we must determine whether such an error was harmless under the circumstances.  "An error committed in the trial of a criminal case does not automatically require reversal of an ensuing conviction."  Galbraith v. Commonwealth, 18 Va. App. 734, 742, 446 S.E.2d 633, 638 (1994).  "A federal constitutional error is harmless, and thus excusable, only if it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'"  Quinn v. Commonwealth, 25 Va. App. 702, 719, 492 S.E.2d 470, 479 (1997) (citations omitted).

Even without Dorsey's statement, the evidence was overwhelming that appellant robbed Neil and that he used a gun to do so.  The police observed the suspicious movements of appellant's vehicle both before and after the robbery occurred. The police saw the vehicle stopped near a pedestrian at the location of the robbery.  The robbery occurred in a well-lighted area, enhancing Neil's ability to observe the passenger and driver of the car.  Neil positively identified appellant and Dorsey as the perpetrators soon after the crimes occurred. Appellant and Dorsey were wearing clothing matching the

description provided by Neil.  Neil identified the gun used in the robbery as the one found along Route 395 where appellant and Dorsey had traveled.  Appellant was wearing Neil's stolen necklace when he was apprehended by the police shortly after the robbery.  When stopped by the police, appellant was the driver of the vehicle.  This circumstance was consistent with the observation by police officers of the driver and the passenger switching places in the white Honda after the robbery.

Considering all of these facts and circumstances, we conclude that any error in admitting Dorsey's statement was harmless beyond a reasonable doubt.[1]  Therefore, we affirm appellant's convictions.

<u>Affirmed</u>.

---

[1] Having concluded that any error was harmless under the more rigorous "beyond a reasonable doubt" standard applicable to constitutional error, we need not consider whether the admission of Dorsey's statement violated Virginia's hearsay rule and, if error, whether that error was harmless under the less exacting standard applicable to errors of state law.  See generally Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (finding that the "federal standard is not required . . . for non-constitutional error").