COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges McCullough and Decker
Argued at Chesapeake, Virginia


ROBERT JOSEPH MILLER

                                                     MEMORANDUM OPINION* BY
v.      Record No. 1776-13-1                CHIEF JUDGE WALTER S. FELTON, JR.
                                                          OCTOBER 28, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

James O. Broccoletti (Randall J. Leeman, Jr.; Zoby, Broccoletti &
Normile, P.C., on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Robert Joseph Miller ("appellant") appeals his conviction of aggravated malicious

wounding, in violation of Code § 18.2-51.2, following a bench trial in the Circuit Court of the City

of Virginia Beach ("trial court").  Appellant contends the trial court erred by finding the evidence

presented at trial was sufficient to prove that he caused the victim's injuries by striking the victim's

motorcycle with his car and that he acted with the requisite malicious intent to injure the victim.  He

also contends the trial court erred by excluding evidence of the victim's blood alcohol content on

the night of the accident.

I.  BACKGROUND

"'Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below.'"  Smallwood v.

Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth,

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).  So viewed, the evidence presented at trial showed that, on December 3, 2011, around 11:00 p.m., Jason Olney and Robert Donaldson rode their motorcycles together in Virginia Beach.  After midnight, while traveling southbound on Holland Road, Donaldson and Olney stopped their motorcycles at a red traffic light at Holland Road and Governor's Way.[1]  In his rearview mirror, Donaldson saw a red car, also traveling southbound on Holland Road, being driven erratically as it approached the intersection.  He watched the red car, driven by appellant, hit and break a road sign in the median strip before coming to a stop in the left turn lane at the intersection.  Donaldson turned toward appellant and asked him why he was "driving like an a--hole."  Appellant responded that he would "show you a f---ing a--hole."

When the traffic light turned green, Olney and Donaldson drove their motorcycles through the intersection, traveling southbound on Holland Road.  As Donaldson crossed the intersection, he glanced over his shoulder and saw appellant accelerating his car, "coming right at me."  Donaldson "locked on" his brakes.  Appellant missed hitting Donaldson's motorcycle by "inches."

Donaldson watched appellant position his car behind Olney's motorcycle.  Donaldson observed appellant "accelerate[]" his car and drive toward Olney.  Donaldson then witnessed a cloud of dust suddenly rise in the air when appellant's car hit an embankment.  Donaldson's view of appellant and Olney was momentarily obscured by the dust cloud.  Within seconds, Donaldson saw Olney and his motorcycle lying in the roadway.[2]  Appellant did not stop his car.  As he crossed the center median, the rear bumper of his car fell off.  Appellant drove into oncoming traffic, struck a car being driven northbound on Holland Road, and drove away from the scene of the accident.[3]

---

[1] The men stopped in the right southbound lane.  Olney's motorcycle was positioned just ahead and to the right of Donaldson's motorcycle.

[2] Olney was located on the roadway about 40 yards from the spot where his motorcycle came to rest.

[3] Appellant was convicted of leaving the scene of an accident, in violation of Code § 46.2-894, as a result of his collision with the vehicle being driven northbound on Holland

Olney testified that he had experienced memory loss as a result of the events on December 3, 2011. He stated that he recalled driving his motorcycle on Holland Road and that his only other recollection from that night was that he was "on the ground and in a lot of pain."[4]

During his cross-examination of Olney, appellant asked Olney whether he had consumed alcohol on December 3, 2011. Olney initially testified that he did not consume alcohol on December 3, 2011. He later acknowledged that it was possible that he had consumed alcohol on December 3, 2011, commenting that he "barely remember[ed] the evening after the accident."[5]

At the conclusion of the Commonwealth's case, appellant moved to strike the Commonwealth's evidence of the aggravated malicious wounding charge, arguing that the Commonwealth failed to establish how the accident occurred and that it failed to prove that appellant's car struck Olney's motorcycle. The trial court denied appellant's motion to strike the Commonwealth's evidence.

During his case-in-chief, appellant offered evidence of Olney's blood alcohol content ("BAC") at the time of the accident.[6] Appellant asserted that evidence of Olney's BAC would impeach Olney's testimony that he did not have anything to drink on the night of the accident. Appellant further contended that Olney's BAC was relevant to the court's determination of the

---

Road. The trial court sentenced appellant to ten years' incarceration for leaving the scene of an accident, with four years suspended. Appellant does not challenge this conviction on appeal.

[4] Olney suffered four broken ribs, lung contusions, and a ruptured spleen as a result of the accident. His gall bladder was removed. He was in a medically induced coma for six weeks, and spent more than three months in the hospital.

[5] Donaldson testified that, while the two men were together that night, they did not consume any food or beverages. He specifically stated that he did not see Olney drink any alcohol that night.

[6] Appellant proffered that emergency medical services personnel detected the odor of alcohol on Olney at the scene of the accident and that the parties stipulated to the authenticity of the medical record showing that Olney's BAC was 0.13 at the hospital when he was initially treated for his injuries.

cause of the accident that resulted in Olney's injuries. The Commonwealth objected to the admission of the proffered evidence, asserting that Olney's BAC was not "relevant at all in this matter." The trial court ruled that the BAC evidence was not relevant, based on the "totality of the evidence," and sustained the Commonwealth's objection to its admission.

At the conclusion of all the evidence, appellant renewed his motion to strike the Commonwealth's evidence. He asserted that the Commonwealth failed to prove beyond a reasonable doubt that appellant caused the accident that resulted in Olney's injuries.

The trial court, as fact finder, concluded that although "there was no actual eyewitness when the hit occurred," in light of "the totality of the evidence," "there really isn't any other conclusion the court can draw from it."[7]

## II. ANALYSIS

### A. Evidence of Olney's Blood Alcohol Content

Appellant asserts that the trial court erred by excluding evidence of Olney's BAC on the night of the accident. He asserts that evidence of Olney's BAC was relevant "because it undoubtedly would tend to establish the proposition that . . . Olney was unable to control his motorcycle because he was intoxicated" and that Olney's impairment, not appellant's vehicle, caused Olney to crash his motorcycle. Appellant's Br. at 27.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "Of course, '[a]n error of law by the trial court is *ipso facto* an abuse of its discretion.'" Fitzgerald v. Commonwealth, 61

---

[7] The trial court found appellant guilty of aggravated malicious wounding, in violation of Code § 18.2-51.2(A), and sentenced appellant to twenty years' incarceration, with fourteen years suspended.

Va. App. 279, 284, 734 S.E.2d 708, 710 (2012) (quoting Bynum v. Commonwealth, 57 Va. App. 487, 490, 704 S.E.2d 131, 133 (2011)).

Here, the trial court found that, "based on the totality of the evidence [in the record]," evidence of Olney's BAC was not relevant to show what caused the accident that resulted in Olney's injuries. The Commonwealth, in support of the trial court's finding, contends that evidence of Olney's BAC was not relevant to prove causation because "[t]here was no evidence that Olney's driving was impaired . . . by alcohol," and "[t]here was . . . no evidence that Olney's alcohol consumption caused his crash." Commonwealth's Br. at 23. Appellant contends that evidence of Olney's BAC was relevant to establish that Olney's driving under the influence of alcohol "amount[ed] to an independent, intervening act alone causing [Olney's] injur[ies]." Hubbard v. Commonwealth, 243 Va. 1, 14, 413 S.E.2d 875, 882 (1992).

> "Evidence is admissible if it is both relevant and material," and it is inadmissible if it fails to satisfy these criteria. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 198, 361 S.E.2d 436, 441, 442 (1987). "Evidence is relevant if it has *any logical tendency*, *however slight*, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Evidence is material if it relates to a matter properly at issue." Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818-19 (2010) (emphasis added).

Contrary to the trial court's finding, and the Commonwealth's assertion, evidence is relevant if it even slightly "tends to prove or disprove, or is pertinent to, matters in issue." Clay v. Commonwealth, 262 Va. 253, 257, 546 S.E.2d 728, 730 (2001). Here, to sustain a conviction under Code § 18.2-51.2(A), the Commonwealth was required to prove that appellant "cause[d] bodily injury" to Olney, "with the intent to maim, disfigure, disable or kill" him. The BAC evidence that appellant offered had a logical tendency to prove or disprove whether appellant caused the accident that resulted in Olney's injuries, or whether Olney's own conduct was an

"independent, intervening" cause of the crash. Hubbard, 243 Va. at 14, 413 S.E.2d at 882. Because evidence of Olney's BAC had some logical tendency to establish that Olney's operation of his motorcycle, not appellant's conduct, caused the crash that resulted in Olney's injuries, it was error for the trial court to exclude the BAC evidence on the basis of lack of relevance. Ragland, 16 Va. App. at 918, 434 S.E.2d at 678.

"An error committed in the trial of a criminal case does not automatically require reversal of an ensuing conviction." Galbraith v. Commonwealth, 18 Va. App. 734, 742, 446 S.E.2d 633, 638 (1994). A non-constitutional error is harmless if "other evidence of guilt is 'so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict.'" McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448 (2000) (quoting Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993)).

Here, the Commonwealth's evidence that appellant caused the accident that resulted in Olney's injuries was largely circumstantial. There was no witness testimony to an actual collision or near-collision between appellant's vehicle and Olney's motorcycle. Olney could not recall any details of the accident, and Donaldson, his riding companion, did not see the accident occur. Witnesses provided conflicting testimony as to whether and how many vehicles passed through the intersection between Olney's motorcycle and appellant's car.[8] There was no forensic evidence, such as a paint transfer between vehicles, to establish that appellant's car collided with Olney's motorcycle. Applying the test for non-constitutional harmless error, we cannot say, "'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole,'" that the judgment of the trial court was not substantially affected by the

_____

[8] Witness Sherry Torres testified that four or five cars passed through the intersection between Olney's motorcycle and appellant's car, while Donaldson testified that no vehicles passed through the intersection between Olney's motorcycle and appellant's car.

- 6 -

exclusion of the BAC evidence.  Clay, 262 Va. at 260, 546 S.E.2d at 731-32 (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).[9]

Accordingly, we conclude the trial court erred by excluding evidence of Olney's BAC on the night of the accident as not relevant to establish the cause of the accident that resulted in Olney's injuries.

### B.  Sufficiency of the Evidence

Although we reverse appellant's conviction on evidentiary grounds,

> we address [his] sufficiency argument in order to ensure that a retrial on remand will not violate double jeopardy principles:  "If the evidence adduced at trial was insufficient to convict [appellant], he is entitled to an acquittal; if he is so entitled, a remand for retrial would violate the Constitution's prohibition against double jeopardy."  Parsons v. Commonwealth, 32 Va. App. 576, 581, 529 S.E.2d 810, 812-13 (2000).

Wilder v. Commonwealth, 55 Va. App. 579, 594, 687 S.E.2d 542, 549 (2010).

Appellant asserts the trial court erred by finding that the evidence presented at trial was sufficient to prove:  (i) that appellant caused Olney's injuries by striking Olney's motorcycle with his vehicle; and (ii) that appellant harbored the requisite malicious intent to sustain a conviction under Code § 18.2-51.2(A).

"When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).  The issue on appeal is "whether the record contains evidence from which any 'rational trier of fact could have found

---

[9] We note that the trial court, as fact finder, listened to the proffered evidence of Olney's BAC to determine whether that evidence was admissible.  "Nonetheless, the courts consider the evidence only in its permissible context. . . . [I]f the trial court excludes evidence, then, presumptively, the judge does not consider the rejected evidence when ruling on the case." Vanhook v. Commonwealth, 40 Va. App. 130, 135, 578 S.E.2d 71, 73 (2003).

the essential elements of the crime beyond a reasonable doubt.'" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (citation omitted).

Based on our foregoing review of the record on appeal, we conclude that there was sufficient evidence presented at trial to support the trial court's factual finding that appellant caused the accident that resulted in Olney's injuries and that appellant intended to "maim, disfigure, disable[,] or kill" Olney. Code § 18.2-51.2(A).

### III. CONCLUSION

The trial court did not err by finding that the evidence was sufficient to prove appellant guilty of aggravated malicious wounding, in violation of Code § 18.2-51.2. However, the trial court committed reversible error by excluding relevant evidence of Olney's BAC on the night of the accident that resulted in his injuries. Accordingly, we reverse appellant's conviction of aggravated malicious wounding and remand for a new trial, should the Commonwealth be so advised.

Reversed and remanded.